UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

FAMOUS MUSIC CORPORATION, CHAPPELL
& CO., INC. and KAY DUKE INGALLS
D/B/A KAY DUKE MUSIC,

                              Plaintiffs,

                                                    DECISION AND ORDER
          v.                                        05-CV-0885A

716 ELMWOOD, INC. and
DAVID A. BARBARA, JR.,

                              Defendants.

═══════════════════════════════════

## INTRODUCTION

On December 21, 2005, the plaintiffs, who are owners of copyrighted music, filed the instant action, claiming that the defendants, a New York Corporation which owns a restaurant located in Buffalo, New York named Cecelia's Ristorante and the Chief Executive Officer of the corporation, infringed plaintiffs' copyrights by allowing plaintiffs' copyrighted music to be performed at the restaurant without a license agreement.  Defendants failed to respond to the complaint and plaintiffs requested an entry of default, which was granted on February 9, 2006.  On February 28, 2006, defendants moved to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  On April 5, 2006, plaintiffs cross-moved for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  Oral argument on the motions was

held on May 16, 2006.

For the reasons stated, the Court grants defendants' motion to vacate the entry of default and denies plaintiffs' motion for default judgment.

## DISCUSSION

Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."   Fed.R.Civ.P. 55(c).  Because Rule 55(c) does not define the term "good cause," the Second Circuit has established three factors that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. See, e.g., In re Men's Sportswear, Inc., 834 F.2d 1134, 1138 (2d Cir.1987); Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983).

It is well established that default judgments are disfavored.  A clear preference exists for cases to be adjudicated on the merits.  See Cody v. Mello, 59 F.3d 13, 15 (2d Cir.1995); Enron Oil Corp. V. Diakuhara, 10 F.3d 90, 92, 95 (2d. Cir. 1993) (holding that refusal to grant relief from default was an abuse of discretion "because [default] should be reserved by a trial court as a final, not a first, sanction imposed on a litigant"); SEC  v. Mgmt. Dynamics, Inc., 515 F.2d

2

801, 814 (2d Cir.1975).  "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously."  Enron Oil. 10 F.3d at 96 (citations omitted).

Applying the above principles to the instant case, the Court finds that the entry of default should be vacated.

1.  Willfulness - The Second Circuit has held that when determining whether a default has been willful, the court should look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error.  American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d. Cir. 1997) (citing Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1078 (2d Cir.1995)).

Here, plaintiffs have failed to show bad faith on the part of the defendants.[1]  Accordingly, this factor weighs in favor of vacating the default.

---

[1]      The parties dispute whether there was proper service upon the defendants. However, in light of the Court's reasoning herein, the Court need not resolve the service issue at this time.  The Court will assume, for purposes of the instant motions, that service was proper.

2.  <u>Prejudice to Plaintiffs</u> - The next factor is whether setting aside the default would prejudice the plaintiffs.  Plaintiffs have failed to show that they will suffer any prejudice by the default being vacated at this stage in the proceedings.   This case had been pending only a short time, and plaintiffs will be in no worse position if the default is vacated than they would have been had the defendants timely answered the complaint.  Thus, this factor weighs in favor of vacating the default.

3.  <u>Meritorious Defense</u> - To satisfy the criterion of a "meritorious defense," the defense need not be ultimately persuasive at this stage.  "A defense is meritorious if it is good at law so as to give the factfinder some determination to make."  <u>Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.</u>, 856 F.2d 873, 879 (7th Cir.1988).

This factor also weighs in favor of vacating the default.  The defendants deny that the copyrighted music was performed as alleged in the complaint. <u>See</u> Answer at ¶ 2.  In addition, there is a discrepancy between the date of the violations as alleged in the complaint (September 17, 2005), <u>see</u> Complaint at Schedule A, and the date of the violations alleged in the affidavit of Douglas Jones.  <u>See</u> Jones Affidavit at ¶ 11.  If the jury were to determine that the copyrighted music was not performed as alleged in the complaint, then defendants would have a complete defense.

4

## CONCLUSION

After taking these three factors into account, as well as the preference for adjudicating cases on their merits, and resolving any doubt in favor of the defendants, the Court grants defendants' motion to vacate the entry of default, and denies plaintiffs' motion for default judgment.  The Answer filed by defendants with their motion to vacate the entry of default, Item No. 7-2, shall be the answer in this case.

IT IS SO ORDERED.

/s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 22 , 2006